# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MAGDALINE P. AUSTIN,                )<br>                                                   )<br>                        Plaintiff,         )<br>                                                   )<br>v.                                                 )<br>                                                   )<br>JO ANNE B. BARNHART,           )<br>COMMISSIONER OF SOCIAL   )<br>SECURITY,                                  )<br>                                                   )<br>                        Defendant.     )<br>_____) | CIVIL ACTION NO. 0:04-1557-HFF-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff filed her Motion for Attorney's Fees and supporting documentation in this case on December 1, 2005, seeking approval of attorney's fees for Plaintiff's counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On December 20, 2005, the Defendant filed a response in opposition to Plaintiff's Motion for Attorney Fees and costs, and Plaintiff filed a Reply Memorandum on December 27, 2005.   This matter is before the undersigned United States Magistrate Judge pursuant to an order of reference of the Honorable Henry F. Floyd, United States District Judge.

By order filed on September 2, 2005, Judge Floyd reversed the decision of the Commissioner and remanded the case for (1) further evaluation of Plaintiff's shoulder impairment, including, if necessary, the taking of vocational expert testimony to establish whether jobs exist in sufficient numbers which Plaintiff can perform with her limitations; (2) for consideration of the medical records of Dr. Patel, and (3) for any further administrative proceedings consistent with that



opinion.

Under the EAJA, the Court must award attorneys' fees in civil cases such as this if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. See 28 U.S.C.§ 2412(d)(1)(A). The Plaintiff in this case is the "prevailing party" because of the remand under "Sentence Four"; see Shalala v. Schuaefer, 509 U.S. 292, 302 (1993); and the government does not dispute that Plaintiff timely filed her current motion, attached the requisite itemized statement, and that no special circumstances have been presented that would make an award of attorneys' fees unjust. Rather, the only contested issue is whether the Commissioner's position was substantially justified.

The government has the burden of showing that its position was justified. See Pierce v. Underwood, 487 U.S. 552, 557 (1988)(Brennan, J., concurring in part); Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). This determination requires a showing that the government's position had a reasonable basis in both law and fact. Pierce, 487 U.S. at 565. "Substantially justified means justified in substance or in the main" rather than "justified to a high degree," and a losing argument can be substantially justified so long as reasonable person might think it is correct. Id. See Large v. Barnhart, 432 F.Supp.2d 645, 647 (W.D.Va. 2006).

Here, while the undersigned found in a previous recommendation (and the District Judge ordered) that further evaluation of Plaintiff's shoulder impairment was necessary, it does not necessarily follow that the Defendant's position on this issue was not substantially justified. The Defendant could have reasonably believed that the medical records in the case constituted substantial evidence to support the RFC found by the ALJ in his decision. See discussion in Report and



Recommendation dated March 14, 2005, pp. 6-7. In addition, the Defendant could have reasonably believed that Plaintiff's shoulder impairment was not critical to the disability determination in light of the ALJ's finding that it did not significantly impinge on Plaintiff's ability to perform a full range of medium work. See discussion in Report and Recommendation dated March 14, 2005, p. 4; Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) ["[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." ]. With regard to the other issue raised by the Plaintiff concerning entitlement to benefits in this case, the undersigned recognized the conflict in the caselaw in the Fourth Circuit and did not reach this issue. Report and Recommendation, pp. 9-10.

Hence, the undersigned finds based upon a review of the record in this case and the applicable caselaw that, even though the case was reversed, the Defendant's position was substantially justified, and that Plaintiff's request for an award of EAJA fees should therefore be denied. Large, 432 F.Supp.2d at 647-648 [Despite the Court finding that the ALJ's hypothetical question to the VE was incomplete because it did not specifically mention the Plaintiff's hearing impairment, the Court found that the government's position was substantially justified]; Johnson v. Sullivan, 777 F.Supp. 1277, 1281 (D.S.C. 1991)[Although Plaintiff eventually prevailed, the Court found that the position of the United States had a reasonable basis both in law and fact]; Jackson v. Sullivan, No. 91-2657, 1992 WL 78816 at \*\*2-3 (4th Cir. Apr. 20, 1992)[finding the government's position substantially justified although the district court rejected the government's position on three alternative grounds, including ALJ's on the grids despite the fact that Plaintiff alleged non-exertional

3



disabilities]; <u>Albright v. Apfel</u>, No. 00-1057, 2000 WL 1021227 (4th Cir. July 25, 2000)["Although the Commissioner's position was based on a misinterpretation of circuit precedent, it had a basis both in law and fact that could satisfy a reasonable person."]; <u>Shepperson v. Sullivan</u>, No. 90-1763, 1991 WL 70401 at **3 (4th Cir. May 6, 1991)[Government's position was substantially justified in light of the conflicting evidence]; <u>Sigman v. U.S. Dep't of Health & Human Servs</u>, No. 91-2566, 1992 WL 90281 at **1 (4th Cir. May 4, 1992)[denying fees under EAJA].

Based on the forgoing, it is recommended that the Plaintiff's motion for an award of attorney's fees under the EAJA be **denied**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 16, 2006



4