

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MAGDALINE P. AUSTIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:04-1557-HFF-BM |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant | § | |

## ORDER

This case was filed as a Supplemental Security Income action. The Court previously reversed the decision of the Commissioner and remanded the case. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for an award of attorney's fees under the EAJA be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 16, 2006, and the Clerk of Court entered Plaintiff's objections to the Report on August 21, 2006. The Court has reviewed Plaintiff's objections, but finds them to be without merit. As stated by the Magistrate Judge,

> while the undersigned found in a previous recommendation (and the District Judge ordered) that further evaluation of Plaintiff's shoulder impairment was necessary, it does not necessarily follow that the Defendant's position on this issue was not substantially justified. The Defendant could have reasonably believed that the medical records in the case constituted substantial evidence to support the RFC found by the ALJ in his decision. In addition, the Defendant could have reasonably believed that Plaintiff's shoulder impairment was not critical to the disability determination in light of the ALJ's finding that it did not significantly impinge on Plaintiff's ability to perform a full range of medium work.

(Report at 3 (internal citations omitted).)

After a thorough review of the Report, the objections thereto, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion for an award of attorney's fees under the EAJA be **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of May, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE